Japhet LOPEZ, Plaintiff–Appellant,

v.

DEL TACO RESTAURANT PROPERTIES, II; Del Taco, Inc., Defendants–Appellees.

Nos. 05–56510, 06–55247.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2007.*

Filed June 27, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark D. Potter, Russell C. Handy, Esq., Center for Disability Access, LLP, San Marcos, CA, for Plaintiff–Appellant.

Scott J. Ferrell, Esq., Call Jensen & Ferrell, Newport Beach, CA, for Defendants–Appellees.

Before: D.W. NELSON, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM **

### I.

The district court did not abuse its discretion by dismissing appellant's state law claim in the absence of a jurisdiction-conferring federal claim. *See* 28 U.S.C. § 1367(c); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### II.

We reverse the award of costs to appellees. It was not "frivolous, unreasonable, or without foundation," *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir.2001) (internal quotation and citation omitted), for appellant to continue litigating after August 29, 2004. Although appellees had offered to remedy the alleged ADA violations, it was reasonable for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appellant to continue pursuing the state law claim because it held out the possibility of a monetary recovery. Cal. Civ.Code § 52(a); *Botosan v. Paul McNally Realty,* 216 F.3d 827, 835 (9th Cir.2000).

The district court's assertion that appellant's state law claims, "did not provide a basis for continuing the litigation [because t]he Unruh Civil Rights Act claim was wholly dependent on the ADA claim for federal jurisdiction," is unpersuasive. From appellant's point of view, it might reasonably have appeared that the district court would continue to exercise jurisdiction over the Unruh claim even after dismissing the ADA claim. After all, 28 U.S.C. § 1367(c)(3) does not *require* a district court to withdraw supplemental jurisdiction when federal "anchor" claims are dismissed. It was reasonable for appellant to proceed on the state law claim until the district court actually decided not to exercise supplemental jurisdiction. *See Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.").

Dismissal of state law claims AFFIRMED (05–56510). Award of costs REVERSED (06–55247).

RYMER, Circuit Judge, concurring in part and dissenting in part:

I would remand for reconsideration of the costs award. I agree that costs cannot be pegged to expiration of Del Taco's Rule 68 offer because the offer was all inclusive, i.e., it included resolution of the Unruh Act claim as well as the ADA claim. However, I cannot say that it was reasonable for Lopez to continue litigating the ADA claim once it was mooted. I disagree that we can simply reverse under the *Christiansburg* standard, for *some* costs were incurred on the ADA claim thereafter, and moreover that standard does not apply to costs on the state claims. Rather, costs on the state claims are measured under Rule 54(d) which allows them "as of course" to the prevailing party. *Brown v. Lucky Stores,* 246 F.3d 1182, 1189–90 (9th Cir. 2001). I would leave issues relating to the state claims, and allocation between claims and for the relevant period, to the district court on remand.